UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**MICHAEL F. ROBINSON, SR. (#351070)**                 CIVIL ACTION

**VERSUS**

**E.K.L. HOSPITAL, BATON ROUGE, ET AL.**               NO. 11-0064-JJB-CN


### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, August 29, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL F. ROBINSON, SR. (#351070)**                         **CIVIL ACTION**

**VERSUS**

**E.K.L. HOSPITAL, BATON ROUGE, ET AL.**                       **NO. 11-0064-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Earl K. Long Hospital Urology Surgery Team, Warden Burl Cain, and LSP Medical Director Dr. Roundtree, alleging that the defendants violated his constitutional rights in February, 2010, when they exhibited deliberate indifference to his serious medical needs.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose

factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra; Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915(e). Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra.

In the instant case, the Court finds that the plaintiff has failed to allege a claim of constitutional dimension. He alleges that on February 5, 2010, he underwent surgery at Earl K. Long Hospital ("EKL") for a hydrocele located in his right scrotum area. When pain and swelling continued after the surgery, it was determined by the EKL Urology Department that a second surgery would be needed. Prior to the scheduling of such second surgery, however, the plaintiff experienced pain and had trouble walking. When he complained of this discomfort, "doctors [at LSP] requested scrotum support, shots and pain pills." The plaintiff complains, however, that EKL "kept postponing the second surgery," and LSP personnel "never made any attempt or request to any other hospital to handle this matter."

Initially, the Court finds that the plaintiff has failed to allege a claim upon which relief may be granted against the "EKL Urology Surgery Team". Specifically, the "EKL Urology Surgery Team" is not a legal entity subject to suit in this Court. Pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. An inchoate group of individuals consisting of a hospital surgical team is not a "person" within the meaning of this statute. Cf., Brewin v. St. Tammany Parish Correctional Center, 2009 WL 1491179 (W.D.

La., May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."). Accordingly, there is no basis for the imposition of liability against this entity.

Further, to the extent that the plaintiff's Complaint may be interpreted as naming the hospital itself as a defendant herein, this claim would fare no better. Under the Eleventh Amendment to the United States Constitution, an unconsenting State is immune from any lawsuit seeking monetary damages brought in federal court by its own citizens or by the citizens of other states. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Accordingly, absent consent or waiver, not here applicable, the State of Louisiana is immune from suit in federal court. This shield of immunity extends to EKL as an arm or agency of the state. Cf., Darlak v. Bobear, 814 F.2d 1055 (5th Cir. 1987) (holding that Charity Hospital in New Orleans, Louisiana, is entitled to Eleventh Amendment immunity). Accordingly, the plaintiff fails to state a cause of action against EKL as well.

Turning to the plaintiff's claim asserted against defendant Burl Cain, the Court notes that the plaintiff has failed to allege any direct participation by this defendant in the events complained of. In order to be liable under § 1983, a person must have been personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that defendant Cain is responsible for the actions of his subordinate employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must

allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

In the instant case, the plaintiff has failed to include any factual allegations whatever relative to defendant Cain. He has not alleged that this defendant, who is the Head Warden at LSP, was personally aware of the plaintiff's complaints or had any personal involvement in the plaintiff's medical care or in the scheduling of the plaintiff's follow-up surgery at EKL. Based upon this failure to allege any facts suggesting that defendant Cain had any personal responsibility for the events complained of, the plaintiff has failed to state a claim against this defendant.

Finally, with regard to the plaintiff's claim that he was not provided with appropriate medical care while awaiting follow-up surgery at EKL in February, 2010, the law is well-settled that, in order for an inmate-plaintiff to prevail on a claim that his constitutional rights have been violated by the provision of improper or inadequate medical care, he must allege and show that appropriate care has been denied and that the denial constitutes "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation which he believes he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v.

Treen, supra.  Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.  Farmer v. Brennan, supra.  As stated in Farmer, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  The deliberate indifference standard is high: the plaintiff must establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752 (5th Cir. 2001).  A delay in treatment does not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993).

In the instant case, the most which the plaintiff has alleged is that after his initial surgery at EKL, complications developed which resulted in a need for a second surgery.  Thereafter, while the plaintiff was awaiting this second surgery, he complained to prison officials regarding ongoing discomfort, and prison officials apparently responded to these complaints by providing him with a "scrotum support" and with "shots and pain pills" to help alleviate his symptoms.  Accordingly, it appears clear from the plaintiff's allegations that his complaints were not ignored but were in fact attended to.  And with regard to the plaintiff's claim that prison officials failed to seek another medical provider when EKL "kept postponing the second surgery", this assertion, in the Court's view, does not state a claim of deliberate medical indifference.  Implicit in the plaintiff's allegation is the fact that

his second surgery at EKL was in fact scheduled, and prison officials cannot be held accountable for unintentional delays in the provision of treatment by an outside medical provider.  The plaintiff does not allege that his condition presented an emergency need, and he has not alleged that the delay in treatment resulted in a worsening of his condition or in "substantial harm".  See Mendoza v. Lynaugh, supra.  See also Fuller v. Harris County, 294 Fed.Appx. 167 (5th Cir. 2008), cert. denied, ____ U.S. ____, 129 S.Ct. 1910, 173 L.Ed.2d 1062 (2009) (summary judgment granted to prison officials where evidence showed that prison medical staff provided interim treatment and where delay in scheduling of second surgery was not shown to have resulted from deliberate indifference or to have caused substantial harm).  In the Court's view, therefore, the plaintiff's assertions do not state a claim of deliberate indifference to a perceived serious risk of harm to the plaintiff's health or safety.  Instead, if anything, his allegations sound only in the nature of a claim of negligence and/or medical malpractice which is not actionable under § 1983.  See Varnado v. Lynaugh, supra.  Accordingly, the Court finds that the plaintiff's allegations fail to rise to the level of a constitutional violation and that the plaintiff's action should therefore be dismissed as legally frivolous.

## RECOMMENDATION

It is recommended that the plaintiff's Complaint be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915, and that this action be dismissed, without prejudice to any state law claims which the plaintiff may have.[1]

Signed in chambers in Baton Rouge, Louisiana, August 29, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Section 1915(g) of Title 28 provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."